UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

JOSE GARCIA-SANTOS,

                          Petitioner,            **REPORT AND
                                                 RECOMMENDATION**

v.
                                                 07-CV-00699(A)(M)
DIVISION OF PAROLE,
MICHAEL KELLY, F.P.O.,

                          Respondents.

———————————————————

On August 7, 2007, Petitioner Jose Garcia Santos, an inmate acting *pro se*, filed a

petition in the Southern District of New York under 28 U.S.C. §2254 seeking a writ of habeas

corpus (Dkt. #1). The petition was transferred to this District on October 22, 2007 (Dkt. #3), and

Hon. Richard J. Arcara thereafter referred the case to me pursuant to 28 U.S.C. §636(b)(1) to

"hear and report upon dispositive motions" (Dkt. #9).

On January 24, 2008, respondents moved to dismiss the petition as unexhausted

(Dkt. #7). Following petitioner's release from custody, respondents moved to dismiss the

petition on June 25, 2008 as moot (Dkt. #12). For the following reasons, I recommend that

respondents' motion to dismiss the petition as moot be GRANTED, and that their motion to

dismiss the petition as unexhausted (Dkt. #7) be DENIED.

## BACKGROUND

Following his guilty plea in New York State Supreme Court, Erie County to two

counts of attempted sexual abuse in the first degree, on August 27, 2004 petitioner was sentenced

by Hon. Ronald H. Tills to serve concurrent indeterminate terms of one and one-third to four

years imprisonment (Dkt. #8, Declaration of Frederick Wen, Esq., Ex. C). Petitioner did not

appeal the judgment of conviction (Dkt. #8-3, Memorandum of Law, p. 2).

On April 6, 2005, petitioner appeared before the Parole Board of the New York

State Division of Parole, which denied his request for parole and scheduled his next appearance

for April 2007 (Dkt. #8, Declaration of Frederick Wen, Esq., Ex. D, p. 2). Petitioner's

conditional release date was October 25, 2006 (Dkt. #8, Declaration of Frederick Wen, Esq., Ex.

A, p. 2). On October 23, 2006 the Division of Parole imposed special release conditions,

requiring petitioner to (1) "propose a residence to be approved by the Division of Parole and . . .

assist the Division in any efforts it may make on my behalf to develop an approved residence"

and (2) "reside only in the residence approved by the Division of Parole" (Id. at Ex. G). On April

10, 2007, petitioner made his second appearance before the Division of Parole (Id. at Ex. E),

which continued his conditional release status, deciding not to release him until he had a

satisfactory residence (Id. at p. 6, Ex. F, p. 2).

Petitioner did not file any administrative appeals or a New York Civil Practice

Law and Rules Article 78 proceeding challenging the denial of his parole (Dkt. #8-3,

Memorandum of Law, p. 4). Nevertheless, on August 13, 2007, he filed this petition alleging

that he was being unlawfully imprisoned as of October 25, 2006 due to, *inter alia*, the Division

of Parole's failure to assist him in being released from custody (Dkt. #1).

On January 24, 2008, respondents moved to dismiss the petition as unexhausted

(Dkt. #8). Having served his maximum sentence, petitioner was released from custody on

February 25, 2008 (Dkt. #12-2, Declaration of Frederick Wen, Esq., Ex. J). Therefore, on June

25, 2008 respondents moved to dismiss the petition as moot (Dkt. #12).   Petitioner has failed to respond to either motion (Dkt. ##5, 13).

## DISCUSSION AND ANALYSIS

Respondents argue that petitioner's release from prison moots his challenge to the denial of his parole, the only claim asserted in the petition (Dkt. #12-4, Memorandum of Law, pp. 2-4).  I agree.[1]  "A case becomes moot if, *at any stage of the proceedings*, it fails to satisfy the case-or-controversy requirement of Article III, Section 2, of the Constitution." Kamagate v. Ashcroft,  385 F. 3d 144, 150 (2d Cir. 2004) (emphasis added).  "In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist." Robinson v. Connell, 2008 WL 907318, *2 (N.D.N.Y. 2008).

While a challenge to the conviction itself carries the presumption that a collateral consequence exists, Spencer v. Kemna, 523 U.S. 1, 8 (1998), in this case petitioner challenges only the denial of his parole, not his underlying conviction (Dkt. #1).  Petitioner has also obtained the relief requested in his petition, namely, his release from prison. Accordingly, because no presumption of collateral consequences applies, petitioner "bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement". United States v. Probber, 170 F. 3d 345, 348 (2d Cir. 1999).

---

[1]     Upon his release, petitioner has failed to update his address with this court. Therefore, Chief Judge Arcara has ordered that petitioner update his address by August 31, 2008 or the case will be dismissed with prejudice (Dkt. #14).  However, even if petitioner updates his address, I recommend that the petition be dismissed.

Here, "there is no basis for presuming that [petitioner] will suffer any collateral consequences due to the fact parole was denied on several occasions prior to his release". <u>Cobos v. Unger</u>, 534 F. Supp. 2d 400, 404 (W.D.N.Y. 2008) (Bianchini, M.J.). "Because [petitioner] has been released . . ., the actual injury traceable to the [Division of Parole], for which [petitioner] sought relief in the first place cannot be redressed by a favorable . . . decision of this Court issuing a writ of habeas corpus. [Petitioner's] habeas petition therefore no longer satisfies Article III's case-or-controversy requirement and it must be dismissed as moot." <u>Id.</u>

## CONCLUSION

For these reasons, I recommend that respondents' motion to dismiss the petition as moot (Dkt. #12) be GRANTED, and that their motion to dismiss the petition as unexhausted (Dkt. #7) be DENIED as itself being moot. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I also recommend that a certificate of appealability not be issued. <u>See</u> 28 U.S.C. §2253(c)(2). Accordingly, pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge

in the first instance.  <u>See</u>, <u>e.g.</u>, <u>Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.</u>, 840 F. 2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:        August 6, 2008

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge